**Excolo Law, PLLC**
Keith Altman (SBN 257309)
Solomon Radner (*pro hac vice to be applied for*)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
Email: kaltman@excololaw.com
sradner@excololaw.com

**1-800-LAWFIRM**
Ari Kresch (*pro hac vice to be applied for*)
26700 Lahser Road, Suite 401
Southfield, MI 48033
800-LawFirm
Email: akresch@1800lawfirm.com
*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GABY BASMADJIAN, INDIVIDUALLY AND OTHERS SIMILARLY SITUATED** <br><br> **PLAINTIFFS,** <br><br> **V.** <br><br> **THE REALREAL, INC.,** <br><br><br> **DEFENDANT.** | **CLASS ACTION COMPLAINT** <br><br> 1. Violation of California UCL (Cal. Bus. & Prof. Code § 17200) – Unfair Prong <br> 2. Violation of California UCL (Cal. Bus. & Prof. Code § 17200) – Fraudulent Prong <br> 3. Violation of California UCL (Cal. Bus. & Prof. Code § 17200) – Unlawful Prong <br> 4. Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500) <br> 5. Violation of the California CLRA (Cal. Civ. Code § 1750) <br> 6. Common Law Fraud <br> 7. Negligent Misrepresentation <br> 8. Breach of Express Warranty <br><br> **JURY TRIAL DEMANDED** |

NOW COMES Plaintiff, by and through their attorneys, and allege the following against The RealReal, Inc. ("RealReal" or "Defendant"):

## **NATURE OF ACTION**

1. This is a class action against The RealReal, Inc., ("RealReal"), for overstating gemstone weights on jewelry sold on their online luxury consignment website TheRealReal.com. During the class period, RealReal systematically inflated the total weights of small uncertificated gemstones knowing that the average consumer would have no way to know that the weights were inflated.

2. RealReal's luxury consignment website, TheRealReal.com, allows individuals to sell and purchase luxury items available on consignment to and from millions of users across the globe, in addition to eight Luxury Consignment Offices, including locations in Chicago, Dallas, Los Angeles, Miami, New York, San Francisco, and Washington D.C.

3. RealReal's consignment process allows individuals to have luxury items they wish to sell shipped, dropped off, or picked up by RealReal. After RealReal receives the item, RealReal's team of "experts" authenticate, price, and sell the items the consigner wishes to sell.[1]

---

[1] https://www.therealreal.com/consign

4. Through RealReal's authentication process, which they advertise behind their "team of authentication experts, horologists, and gemologists," RealReal guarantees that every item sold on their website and in stores is "100% the real thing."[2]

5. According to the Federal Trade Commission, diamond weights are to be accurate to the last decimal place:

**16 C.F.R. §23.17   Misrepresentation of weight and "total weight."**

a. It is unfair or deceptive to misrepresent the weight of a diamond.
b. It is unfair or deceptive to use the word "point" or any abbreviation in any representation, advertising, marking, or labeling to describe the weight of a diamond, unless the weight is also stated as decimal parts of a carat (e.g., 25 points or .25 carat).

NOTE 1 TO PARAGRAPH (b): A carat is a standard unit of weight for a diamond and is equivalent to 200 milligrams ($\frac{1}{5}$ gram). A point is one one-hundredth ( $\frac{1}{100}$ ) of a carat.

c. If diamond weight is stated as decimal parts of a carat (e.g., .47 carat), the stated figure should be accurate to the last decimal place. If diamond weight is stated to only one decimal place (e.g., .5 carat), the stated figure should be accurate to the second decimal place (e.g., ".5 carat" could represent a diamond weight between .495-.504).
d. If diamond weight is stated as fractional parts of a carat, a conspicuous disclosure of the fact that the diamond weight is not exact should be made in close proximity to the fractional representation and a disclosure of a reasonable range of weight for each fraction (or the weight tolerance being used) should also be made.

NOTE TO PARAGRAPH (d): When fractional representations of diamond weight are made, as described in paragraph d of this section, in catalogs or other printed materials, the disclosure of the fact that the actual diamond weight is within a specified range should be made conspicuously on every page where a fractional representation is made. Such disclosure may refer

---

[2] https://www.therealreal.com/about

1

to a chart or other detailed explanation of the actual ranges used. For example, "Diamond weights are not exact; see chart on p X for ranges."

2

6. RealReal's products vary by far more than that allowed under 16 C.F.R. §23.17.

3

Consumers are not advised that gemstone weights are approximate nor are they

4

advised of a range of weights for the gemstones.

5

7. RealReal's products are sold throughout the United States both inside California and

6

outside California.

7

8

**PARTIES**

9

8. Plaintiff Gaby Basmadjian is an adult who is a citizen and resident of Novi,

10

Michigan, who in reliance on Defendant's false and deceptive labeling, purchased a

11

ring from TheRealReal.com on August 30, 2017 for $982.62 based in part on the

12

representation that the ring contained 2.10 carats of diamonds.

13

9. Defendant The RealReal, Inc. ("RealReal") is a Delaware corporation with principal

14

place of business located at 55 San Francisco St., 6th Floor, San Francisco, California

15

94133.  RealReal may be served through its agent Dana Dufrane at 55 San Francisco

16

St., 6th Floor, San Francisco, California 94133.

17

10. When in this Complaint reference is made to any act of Defendant, such shall be

18

deemed to mean that officers, directors, agents, employees, or representatives of the

19

Defendant named in this lawsuit committed or authorized such acts, or failed and

20

omitted to adequately supervise or properly control or direct their employees while

21

engaged in the management, direction, operation or control of the affairs of the Defendant and did so while acting within the scope of their employment.

## VENUE AND JURISDICTION

11. Venue is proper because Defendant RealReal has its principal place of business in California and the subject jewelry was purchased from Defendant' website which is operated from San Francisco County.  San Francisco County is in the geographic purview of the United States District Court for the Northern District of California.

12. The U.S. District Court has original jurisdiction of this matter under 28 U.S.C. §1332(d)(2) because (a) the amount in controversy exceeds $5,000,000 and (b) the proposed class members, as defined below, are citizens of all states, including states other than California.  As such, at least one member of the class is a citizen of a state different than the Defendant.

## FACTUAL ALLEGATIONS RELATED TO ALL COUNTS

13. On August 30, 2017, Plaintiff purchased a ring from Defendant on their website, TheRealReal.com[3].   Below is a picture of the ring along with the applicable description.



**18K Pave Diamond Cocktail Ring**
18K Gold Cocktail Ring Featuring 2.10 Carats Of Round Brilliant Diamonds.

---

[3] See Exhibit "A" for an image of the receipt of the subject ring.

14. The ring was represented to 2.10 carats of diamonds.  At the time of the purchase, Plaintiff had no way to know whether the diamond weight listed on the description was accurate and was entitled to assume that the label was accurate.

15. After receiving the ring for which the purchase was not returnable[4], Plaintiff had the ring inspected to measure the total weight of the diamonds.  Through detailed measurements performed by a gemologist, the ring was found to contain approximately 1.2 carats of diamonds.  This is a discrepancy of approximately 0.9 carats .

16. According to the 16 C.F.R. §23.17, the allowable range of weights based upon the description was 2.0955 to 2.1055 carats.  The actual difference was far greater.

17. There is no indication on the description that the carat weight was approximated.

18. Defendant held themselves out as experts in the field of gemology and it was Defendant who examined the subject ring and determined its characteristics and selling price[5].

19. Defendant intentionally overstated the weight of the diamonds.

20. The price paid to RealReal is based upon the weight of the gemstones in the jewelry.  Small gemstones such as those in RealReal's jewelry have a price per carat that is generally stable over long periods of time.

---

[4] See Exhibit "A"
[5] See Exhibit "B", Defendant's consignment terms, ¶¶ 3, 6A

1
2
3

21. Defendant bases the price that they sell The Real Real's jewelry to Plaintiff and members of the class on Defendant's analysis of the ring, including the weight of any gemstones.

4
5
6
7

22. By overstating the weight of the gemstones in RealReal's jewelry, Defendant charged Plaintiffs and the Class a higher price that should have been charged.  As a direct result of this higher price, Plaintiff and members of the Class paid a higher price for the jewelry than they should have paid.

8
9
10
11
12
13
14
15

23. Because the price Plaintiff and members of the class paid for RealReal's jewelry is directly related to the weight of the gemstones in the jewelry, Plaintiff and members of the class are entitled to recover the difference between what they paid for RealReal's jewelry and what the jewelry would have been priced at with the correct gemstone weight.  For example, if a Plaintiff paid $500 per carat for the gemstones in RealReal's jewelry and the weight of the gemstones was 3 carats and was overstated by 10%, then the consumer overpaid $140.[6]   As shown below with respect to Plaintiff Basmadjian, the percentage difference was far greater.

16
17
18
19
20

24. Specifically, with respect to Plaintiff Basmadjian, the weight of the diamonds in her ring was overstated by 75%.  Therefore, she is entitled to a refund of approximately 75% of the price paid for her ring attributable to the diamond content.  Defendant has within their exclusive control what portion of the price charged by RealReal was

21

---

[6] $500 x 3= $1,500 for the cost of gemstones.  If the weight was really 2.72 carats (1.1 x 2.72=3), then the consumer should have paid $1,360 for the diamond portion of the ring.  $1,500-$1,360=$140.

for the diamond content of the ring.  Hypothetically, if 50% of the cost of her ring was attributed to diamonds or approximately $450, Ms. Basmadjian overpaid approximately $193 for her ring[7].

25. Jewelry appraisals are extremely subjective and are not a reliable measure of whether a class member paid more for their RealReal jewelry than they should have. Even if a piece of RealReal's jewelry were to appraise for an amount higher than the purchase price paid by Plaintiff or a member of the class, this is irrelevant as Plaintiffs have been overcharged by an amount that is capable of reasonable calculation.

26. Defendant knew and intended that Plaintiff and other members of the Class would rely upon the weights indicated on the product description.

27. Defendant knew that Plaintiff and other members of the Class would have no reasonable way to detect that the gemstone weights were overstated prior to purchase.

28. Defendant knew that Plaintiffs would be relying upon the product label and intended that Plaintiffs would rely upon the product label.

## CLASS ACTION ALLEGATIONS

---

[7] 50% of the ring is attributable to the diamond content.  She paid about $900 for the ring and thus $450 was for the diamond content.  The weight was overstated by 75% and therefore, she should have paid $257 for the diamonds. Therefore, he overpaid by approximately $193.

29. Plaintiffs bring this action on their own behalf and on behalf of a proposed Class of all other persons similarly situated under F.R.C.P. 23(b)(2) and 23(b)(3). The Class Plaintiffs seek to represent is defined as:

   a. All persons who, in the United States after December 1 2013 (the "Class Period"), purchased from Defendant: (1) one or more pieces of jewelry where the weight of gemstones indicated on the product label exceeded the actual weight of the gemstones in the jewelry by more than 1/100 of a carat (1 point, 2mg).

30. Excluded from the Class is Defendant, as well as its officers, employees, agents, board members and legal counsel, and any judge who presides over this action (or spouse or family member of presiding judge), as well as all past and present employees, officers and directors of Defendant.

31. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiffs' motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

32. *Numerosity:* The Class is composed of thousands of individuals, whose joinder in this action would be impracticable. The disposition of their claims through this class action will benefit all Class Members, the parties, and the courts.

33.   *Existence and Predominance of Common Questions of Fact and  Law:* There is a well-defined community of interest in questions of law and fact  affecting the Class. These questions of law and fact predominate over individual  questions affecting individual Class Members, including, but not limited to, the  following:

     a.  Whether, during the Class Period, Defendant overstated the weight of gemstones in jewelry sold by Defendant by more than 1/100 of a carat (1 point, 2mg);

     b.  Whether Defendant's use of false and deceptive product labeling constituted false advertising under California law;

     c.  Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under California law;

     d.  Whether Defendant misrepresented and/or failed to disclose  material facts about its product pricing and discounts;

     e.  Whether Defendant has made false and misleading statements of fact concerning the quality and nature of the jewelry sold by Defendant;

     f.  Whether Defendant's conduct, as alleged herein was intentional and knowing;

     g.  Whether Class Members have been harmed by Defendant's conduct alleged herein;

h. Whether Class Members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and/or profits Defendant received and/or was lost by Class Members as a result of the conduct alleged herein;

i. Whether Defendant was unjustly enriched by their deceptive practices;

j. Whether Defendant expressly warranted the weight of gemstones in the product labels;

k. Whether Defendant is likely to continue to use false, misleading or illegal product labeling such that an injunction is necessary; and

l. Whether Plaintiffs and Class Members are entitled to an award of reasonable attorney's fees, pre-judgment interest and costs of suit.

34. *Typicality:* Plaintiff's claims are typical of, and are not antagonistic to, the claims of all Class Members. Plaintiff and the Class Plaintiffs have all been deceived (or were likely to be deceived) by Defendant's overstating of the gemstone weight in the jewelry sold by Defendant.

35. *Adequacy:* Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff is not antagonistic to the Class. Plaintiff has retained counsel who is competent

1
2
3

and experienced in the prosecution of consumer fraud and class action litigation. Furthermore, Plaintiff has retained counsel experienced in class action litigation to prosecute his claims.

4
5
6
7
8
9
10
11

36.   *Superiority:* A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class Members' claims. Because of the relatively modest size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress of the wrongs complained of herein on an individual basis. Absent class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its misdeeds.

12
13
14
15
16
17
18
19
20
21

37.   All Class Members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact including Defendant's claims that the weight of gemstones indicated on the jewelry product label was higher than the actual weight.   Due to the scope and extent of Defendant's consistent false advertising scheme, disseminated in a massive, years-long campaign to consumers via the Internet, TV, and print media, it can reasonably be inferred that such misrepresentations or omissions of material fact were uniformly made to all Class Members. In addition, it can be reasonably presumed that all Class Members, including Plaintiff, affirmatively acted in

response to the representations contained in Defendant's product labeling when purchasing jewelry from Defendant.

38.    Plaintiff is informed and believes that Defendant keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs and general marketing programs. Defendant has one or more databases through which a significant majority of Class Members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

39.    A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.    Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the court and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

b.    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be

litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    d.  No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

40.    To the best of Plaintiff's knowledge, no other action is pending on the subject matter of this case in any Court.

41.    As such, Plaintiff seeks class certification under F.R.C.P. 23.

## CALIFORNIA LAW APPLIES TO THE ENTIRE CLASS

42. California's substantive laws apply to every member of the Class, regardless of where in the United States the class member resides. Defendant imposes on its users Terms of Service.  See Exhibit "C".  These terms must be accepted before a user is allowed to make use of Defendant's website.  This contract provides as follows:

> These TOS and the relationship between you and RealReal will be governed by the laws of the State of California without regard to its conflict of law provisions. You and RealReal agree to submit to the personal jurisdiction of the federal and state courts located in the County of San Francisco in the State of California with respect to any legal proceedings that may arise in connection with these TOS.

43. Further, California's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend. § 1, and the Full Faith and Credit Clause, Art. IV § 1 of the U.S. Constitution. California has

significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all class members, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

44. RealReal's United States headquarters and principal place of business is located in California. RealReal also owns property and conducts substantial business in California, and therefore California has an interest in regulating RealReal's conduct under its laws. RealReal's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible.

45. California is also the state from which RealReal's alleged misconduct emanated. This conduct similarly injured and affected Plaintiff and all other class members.

46. The application of California laws to the Class is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiff and the proposed Class, and California has a greater interest in applying its laws here than any other interested state.

### FIRST CAUSE OF ACTION
**(Violation of the "Unfair" Prong of the UCL, California Business &Professions Code §17200, *et seq.*)**

47. Plaintiff re-alleges by reference as if fully set forth herein, all of the above paragraphs.

48. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

49. Defendant has violated the "unfair" prong of the UCL by overstating the carat weight of the gemstones in jewelry sold by Defendant.

50. These acts and practices were unfair because they caused Plaintiff, other members of the Class, and were likely to cause consumers to falsely believe that the weight of the gemstones in jewelry sold by Defendant was greater than actual.  As a result, purchasers, including Plaintiff and other members of the Class, reasonably perceived that they were buying products which contained more gemstone weight than actual. Thus, Plaintiff and other members of the Class paid more for Defendant's jewelry than they would have otherwise had the true weight been identified.  Furthermore, Plaintiff and other members of the Class were more likely to purchase a RealReal product perceiving that such purchases were bargains as compared to other jewelry stores.  This perception has induced reasonable purchasers, including Plaintiff and other members of the Class, to buy such products, which they otherwise would not have purchased.

51. The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighed any conceivable reasons, justifications, and/or motives of Defendant for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Defendant engaged in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

52. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and members of the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiffs, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL, California Business & Professions Code §17200, *et seq.*)

53. Plaintiff re-alleges by reference as if fully set forth herein, all of the above paragraphs.

54. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

1
2

55. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

3
4
5
6
7
8
9
10
11
12
13
14

56. Defendant's labeling and selling of jewelry overstating the weight of gemstones was "fraudulent" within the meaning of the UCL because they deceived Plaintiff and other members of the Class, and were likely to deceive members of the Class, into believing that jewelry sold by Defendant were of greater value than if the true gemstone weight had been disclosed.  Plaintiff and other members of the Class were also likely to be deceived that jewelry sold by Defendant was a better value than that offered by other retailers.  As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products which regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception induced reasonable purchasers, including Plaintiff, to buy products from Defendant, which they otherwise would not have purchased at the same price.

15
16
17
18
19
20
21

57. Defendant's acts and practices as described herein have deceived Plaintiff and other members of the Class and were highly likely to deceive members of the consuming public. Specifically, in deciding to purchase consumer goods from Defendant, Plaintiffs relied upon Defendant's misleading and deceptive representations regarding the weight of gemstones in Defendant's jewelry. Each of these factors played a substantial role in Plaintiff's decision to purchase those products, and

Plaintiff would not have purchased those items in the absence of Defendant's misrepresentations at the price paid. Accordingly, Plaintiff and other members of the Class have suffered monetary loss as a direct result of Defendant's practices described above.

58. As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and members of the Class. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

59. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CAUSE OF ACTION
**(Violation of the "Unlawful" Prong of the UCL, California Business & Professions Code § 17200, *et seq.*)**

60. Plaintiffs re-allege by reference as if fully set forth herein, all of the above paragraphs.

61. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

62. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

63. The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(l)). The FTC has established guidelines that describe the accuracy with which gemstone weights must be stated under 16 C.F.R. §23.17. At no time was any indication made on the product label that gemstone weights were approximate.

64. Misstating the weight of the gemstones is unfair and deceptive.

65. By overstating the weight of the gemstones on RealReal's jewelry, RealReal violated the FTCA.

66. Defendant knew or should have known that RealReal was overstating the weight of gemstones in their jewelry. By selling jewelry to consumers knowing that the weights were overstated, RealReal approved of and adopted untrue and misleading statements. Thus, RealReal acted to violate the FTCA, Cal. Bus. & Prof. Code §17200 and §17500, and California Civil Code §1770.

67. California Business & Professions Code §17500 prohibits a business from misrepresenting the weight of goods.

68. California Civil Code §1770, subsection (a)(5) prohibits a business from representing that goods have quantities that they do not have. Representing that jewelry has a total carat weight greater than actually present violates subsection (a)(5).

69. Defendant's misrepresentation of gemstone weights violated and continues to violate the FTCA, 15 U.S.C. §45(a)(l), and 15 U.S.C. §52(a), as well as 16 C.F.R. §23.17. It also violated and continues to violate Cal. Bus. & Prof. Code §17501, and Cal. Civ. Code §1770 (a)(5) by representing on product labels that the quantity of the good contained is greater than actual.

70. As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and members of the Class. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

71. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiffs and all Class Members, and to enjoin Defendant from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Plaintiffs, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## <u>FOURTH CAUSE OF ACTION</u>
**(Violation of the California False Advertising Law, California Business** &
**Professions Code Sections 17500,** *et seq.)*

72. Plaintiffs re-allege by reference as if fully set forth herein, all of the above paragraphs.

73. The California False Advertising Law, California Business & Professions Code §17500, *et seq.*, prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as quality or quantity.  In relevant part, §17500 states:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal … to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state … or in any other manner or means whatever … any statement, concerning that real or personal property … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]

74. Defendant's practice of overstating the weight of gemstones on labels attached to specific pieces of jewelry was a statement which was both untrue and misleading. Defendant was either fully aware or would have been aware through the exercise of reasonable care the untrue and misleading statement concerning the weight of gemstones on the label for a specific piece of jewelry.

75. Defendant RealReal disseminated these untrue and misleading statements from California.

76. RealReal conducted business within the state of California by purchasing goods from California and selling them on the TheRealReal.com to California residents.

77. Defendant RealReal, with full knowledge of the untrue and misleading nature of the weights on the labels, sold these items to unwitting consumers.

78. RealReal acted to disseminate untrue and misleading information to consumers.

79. Through its unfair acts and practices, RealReal has improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class and, members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FIFTH CAUSE OF ACTION
**(Violation of the Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.,* Injunctive Relief)**

80. Plaintiff re-alleges by reference as if fully set forth herein, all of the above paragraphs.

81. At all times relevant hereto, there was in full force and effect the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750.

82. This cause of action is brought pursuant to the CLRA.

83. Plaintiff and each member of the proposed Class are "consumers" within the meaning of California Civil Code §1761(d).

84. Defendant's sale of consumer goods to Plaintiffs and members of the Class were "transactions" within the meaning of California Civil Code §1761(e). The products purchased by Plaintiff and members of the proposed Class are "goods" within the meaning of California Civil Code §176l(a).

85. As described herein, Defendant violated the CLRA by falsely representing the quantity of gemstones contained within the jewelry by stating that the item contained more gemstone weight than actual. Defendant inflated the purported weight of gemstones in violation of Cal. Civ. Code §1770(a)(5).

86. Plaintiff and other members of the Class reasonably relied upon Defendant's false representations in deciding to purchase the jewelry from Defendant. Plaintiff would not have purchased such items at the price paid absent Defendant's unlawful conduct. As a result of these acts and practices, Plaintiff and other members of the Class have suffered damage in that Plaintiff and other members of the Class have spent money with Defendant that Plaintiff and other members of the Class would not have otherwise spent absent Defendant's unlawful and misleading acts and practices.

87. In accordance with § 1782(a) of the CLRA, on December 4, 2017, Plaintiff's counsel served RealReal, by certified mail, return receipt requested, with notice of its alleged violations of the CLRA.

88. If RealReal does not fully meet the demand set forth in that letter, then Plaintiff will amend or seek leave to amend this complaint in order to seek the following relief under CLRA § 1780, for RealReal's violations of CLRA § 1770(a)(5):

- actual damages under Cal. Civ. Code § 1780(a)(l);

- punitive damages under Cal. Civ. Code § 1780(a)(4);

- attorneys' fees and costs under Cal. Civ. Code § 1780(d); and

- any other relief the Court deems proper under Cal. Civ. Code § 1780(a)(5).

## SIXTH CAUSE OF ACTION
## FRAUD

89. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

90. Defendant acted to systematically misrepresent the weights of gemstones contained within RealReal's jewelry and sold on TheRealReal.com Defendant acted with full knowledge that the weights of gemstones contained in TheRealReal.com's products

was overstated.   By so acting, Defendant approved of and adopted the misrepresentations in the weights of RealReal's products.

91. The weight of the gemstones in RealReal's products is a material fact that would be reasonably relied upon by all purchasers of RealReal's products.

92. The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendant to Plaintiff and the members of the Class, as set forth above, were known, or through reasonable care should have been known, by Defendant to be false and material and were intended to mislead Plaintiffs and the members of the Class.

93. Plaintiff and the Class were actually misled and deceived and were induced by Defendant to purchase Defendant RealReal's products from the TheRealReal.com, which they would not otherwise have purchased, or would have paid substantially less for.

94. Plaintiff and the Class acted reasonably in relying that the weights of gemstones stated on the label for RealReal's jewelry was accurate and had no reasonable way to determine that the weights were not accurate.

95. As a result of the conduct of Defendant, Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

96. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

97. Defendant had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of jewelry.

98. Defendant specifically and expressly misrepresented material facts to Plaintiff and Class members, as discussed above. Defendant was aware that the weights of gemstones stated in labels of RealReal's products were systematically overstated.

99. Defendant knew, or in the exercise of reasonable diligence, should have known, that the ordinary and reasonable consumer would be misled by Defendant's misleading and deceptive representations.

100. Defendant was aware that the weights stated on RealReal's product's labels were not accurate.

101. Plaintiff and the Class members justifiably relied on Defendant's misrepresentations and have been damaged thereby in an amount to be determined at trial.

**EIGTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**

102. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

103.   By the terms of the consignment agreement, Exhibit B, Defendant was the sole source of determination of the

104.   At all relevant times, Defendant expressly warranted that RealReal's products contained gemstones of weights as indicated on the product label.

105.   Defendant acted in systematically misrepresenting the weights of gemstones contained within RealReal's jewelry and sold by TheRealReal.com. Defendant acted with full knowledge that the weights of gemstones contained in RealReal's products were overstated.   By so acting, Defendant approved of and adopted the misrepresentations in the weights of RealReal's products.

106.   Defendant knew and expected or should have known and expected, and intended Plaintiff and members of the Class to rely on their warranties.

107.   The representations contained or constituted affirmations of fact or promises made by Defendant which related to the goods and became part of the basis of the bargain creating an express warranty that the goods shall conform to the affirmations of fact or promises.

108.   In purchasing RealReal's products, Plaintiff and members of the Class reasonably relied on the skill, judgment, representations, and foregoing express warranties of Defendant.

109.   These warranties and representations were false in that RealReal's products did not contain the weight of gemstones indicated on the label.

110.   Because RealReal's products did not conform to Defendant's express representation, Defendant breached the warranties.

111.   As a foreseeable, direct, and proximate result of the breach of express warranties by Defendant, Plaintiff and other members of the Class suffered injuries and damages as alleged herein.

## JURY TRIAL REQUESTED

Plaintiff requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the proposed Class, request that this Court award relief as follows:

A. An order certifying that this action may be maintained as a class action, that Plaintiff be appointed as Class Representative and Plaintiff's counsel be appointed Class Counsel;

B. Pursuant to Plaintiff's causes of action, a judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, but not limited to, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class as a result of its unlawful, unfair and fraudulent business practices described herein;

C. An order enjoining Defendant from continuing to violate the UCL, CLRA, and CFAL, as described herein, and/or an order enjoining Defendant from violating the UCL, CLRA, and CFAL.

D. A judgment awarding Plaintiff and other members of the Class their costs of suit; including reasonable attorney's fees pursuant to Code of Civil Procedure§ 1021.5 and as otherwise permitted by statute; and pre and post-judgment interest;

E. Such other and further relief as the Court deems appropriate.

Date: December 4, 2017

**Excolo Law, PLLC**

by:___ /s/ Keith Altman
Keith Altman

Keith Altman (SBN 257309)
Solomon Radner (*pro hac vice to be applied for*)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
Email: kaltman@lawampmmt.com
sradner@1800lawfirm.com

**1-800-LAWFIRM**
Ari Kresch (*pro hac vice to be applied for*)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
800-LawFirm
Email: akresch@1800lawfirm.com

1

2

3

### DECLARATION OF KEITH ALTMAN
### PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Keith Altman, declare as follows:

1. I submit this declaration pursuant to section 1780 (d) of the California Consumers Legal Remedies Act. I have personal knowledge of the matters set forth below and if called as a witness could and would be competent to testify thereto.

2. Defendant RealReal, Inc. ("RealReal") is a Delaware Corporation with its principle place of business at 55 Francisco Street, Suite 600, San Francisco, CA 94133.

3. This action is being commenced in the Northern District of California. Defendant's principle place of business is located within the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on December 4, 2017 in Southfield, MI.

/s/ Keith Altman

Keith Altman

## **VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing complaint, and know its contents.

I am the attorney for Plaintiffs to this action. Such parties are absent from the county where I have my office and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiffs. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 4, 2017, at Southfield, Michigan.

Respectfully Submitted,

**EXCOLO LAW, PLLC,**
By: /s Keith Altman
Attorney for Plaintiffs

Keith L. Altman, SBN 257309
26700 Lahser Road, Suite 401
Southfield, MI 48933
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiffs and the Class*