IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GABY BASMADJIAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE REALREAL, INC.,

Defendant.

No. C 17-06910 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this putative class action, plaintiff brings claims under California law for intentionally misrepresenting the weight of gemstones in jewelry sold online. Defendant moves to dismiss. This order **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss for failure to state a claim. Defendant's motion to dismiss for lack of standing is **DENIED**.

## STATEMENT

This is a putative class action challenging an alleged deceptive practice in the online sale of jewelry. Defendant RealReal, Inc. owns and operates www.therealreal.com, an online consignment store where individuals can buy and sell luxury consignment items such as jewelry. Defendant's website guarantees that its products are "100% the real thing." It also advertises its "team of authentication experts, horologists and gemologists." Sellers send their jewelry to defendant, whose experts authenticate and price the items, and then defendant makes the item available to buyers on its website (First Amd. Compl. ¶¶ 4, 8–9).

In August 2017, plaintiff Gaby Basmadjian bought a ring for $982.62 from defendant's website "based in part on the representation that the ring contained 2.10 carats of diamonds." At the time of the purchase, plaintiff had no way to verify whether the diamond weight listed on the description was accurate (*id.* ¶ 8).

After receiving the ring, plaintiff had a gemologist measure it. The gemologist found that the ring contained "approximately 1.2 carats of diamonds." Accordingly, plaintiff alleges that defendant overstated the weight of the ring's diamonds by 0.9 carats, which exceeds the permissible range of deviation under Section 23.17(c) of Title 16 of the Code of Federal Regulations, which provides that "[i]f diamond weight is stated as decimal parts of a carat (*e.g.*, .47 carat), the stated figure should be accurate to the last decimal place." Plaintiff alleges that defendant intentionally overstated the weight of the diamonds. Plaintiff further alleges that defendant "systematically inflated the total weights of small uncertified gemstones" in jewelry sold on its website (*id.* ¶¶ 1, 15).

Plaintiff alleges that the price of jewelry is dependent, in part, on the weight of the gemstones it contains. Thus, because defendant had a practice of intentionally overstating the weight of gemstones, it inflated the price of its jewelry and overcharged consumers. Plaintiff therefore claims that she should recover the difference between the price she paid versus what the jewelry should have sold for at the correct gemstone weight (*id.* ¶¶ 24–27).

The amended complaint in this diversity action brings the following claims under California law: (1) fraud, (2) negligent misrepresentation; (3) breach of express warranty; (4) violation of California's Unfair Competition Law; (5) violation of California's False Advertising Law; and (6) violation of California's Consumers Legal Remedy Act.

Defendant now moves to dismiss the amended complaint for (1) failure to plead a claim under California law; (2) failure to plead an ascertainable loss; and (3) lack of standing as to the class claims. This order addresses each argument in turn.

2

**ANALYSIS**

**1. WHETHER PLAINTIFF'S CLAIMS ARE SUFFICIENTLY PLED.**

To survive a motion to dismiss, a complaint must plead sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has facial plausibility when the party asserting it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. FRCP 9(b) requires that in all averments of fraud the circumstances constituting the fraud be stated with particularly. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

**A. Breach of Express Warranty.**

Under California law, to state a claim for breach of express warranty a plaintiff must allege "the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff's injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). California law also requires a plaintiff to give notice to a seller within a reasonable time after discovering a breach of warranty. *See* Cal. Com. Code § 2607(3)(A). Thus, to avoid the dismissal of a breach of warranty claim, a plaintiff must plead that he or she provided notice of the breach of warranty to the seller within a reasonable time after discovery of the breach. *Alvarez v. Chevron*, 656 F.3d 925, 932 (9th Cir. 2011) (citing Cal. Com. Code § 2607(3)(A)). Our court of appeals in *Alvarez* explained that notice must be pre-suit and cannot be contemporaneous with filing suit, because post-suit notice would not serve the objective of providing notice in the first instance — allowing the breaching party to cure the breach and avoid litigating the matter. *Ibid.*

In her opposition, plaintiff claims that she "gave notice of her complaint regarding Defendant's practices by letter as well as by institution of this lawsuit" (Dkt. No. 36 at 23). Defendant categorically denies that plaintiff sent any such letter. Tellingly, plaintiff has not pled that she gave pre-suit notice, nor appended a declaration or exhibit to show otherwise.

Plaintiff relies on *Hampton v. Gebhardt's Chili Powder Co.*, 294 F.2d 172, 174 (9th Cir. 1961), for the proposition that California law simply requires notice, not pre-suit notice. The

3

*Hampton* decision, however, was explicitly rejected in *Alvarez*. As discussed above, our court of appeals requires that a plaintiff give pre-suit notice, and has expressly rejected notice letters that are sent contemporaneous with the complaint as contrary to the purpose of the notice requirement. Given that plaintiff has not pled that she gave defendant pre-suit notice, her claim for breach of express warranty is **DISMISSED**.

### B. Common Law Fraud.

The elements of intentional misrepresentation or actual fraud are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (*i.e.*, to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997). Defendant argues that all of plaintiff's claims sounding in fraud should be dismissed because plaintiff has not pled with particularity that defendant made any false representations or that it did so intentionally. This order disagrees.

*First*, defendant contends that plaintiff has not sufficiently pled facts showing defendant's representation was *false*. According to defendant, plaintiff was required to plead who the gemologist she employed was, what method he or she used, or have attached the gemologist's valuation report. Plaintiff, however, is not required to proffer evidence at the pleading stage, and questions such as what methodology her gemologist used are reserved for a later stage in litigation. For now, plaintiff has sufficiently pled that she employed a gemologist whose measurement of the ring established it contained approximately 1.2 carats. Accordingly, she alleges that defendant's representation was false because it overstated the carat weight by 0.9 carats.

Defendant requests judicial notice of its webpages, in particular the caveat that "for all jewelry, [defendant] discloses that all gemstone weights are approximate, consistent with the GIA standards for measuring carat weights of mounted gemstones" (Dkt. No. 28). The amended complaint, however, alleges that even if such disclosures were made, a discrepancy of 0.9 carats far exceeds a reasonable approximation error, and is therefore false. Taking

plaintiff's allegations as true, she has sufficiently pled facts that defendant's representation of 2.10 carats, approximate or not, was false.[1]

*Second*, defendant contends that plaintiff has pled insufficient facts to suggest defendant *intentionally misrepresented* the weight of gemstones. This order again disagrees. Plaintiff pled that defendant intentionally overstated the weight of the diamonds in the ring she purchased. She alleges that a 0.9 discrepancy in carat weight by a defendant who touts its expertise in the field of gemology and also guarantees that its products are "100% the real thing" is beyond an approximation error, such that it was both intentional and knowing. She also alleges that during the class period, defendant "systematically inflated the total weights of the small uncertified gemstones knowing that the average consumer would have no way to know that the weights were inflated." Accordingly, plaintiff has sufficiently pled that defendant intentionally misrepresented the weight of gemstones to induce consumers to buy jewelry from its website in reliance on defendant's misrepresentations regarding the carat weight of gemstones.

*Third*, the parties debate whether and how Section 23.17 of Title 16 of the Code of Federal Regulations is applicable. Plaintiff argues that under this regulation a seller who labels a diamond's carat weight to the second decimal place (*e.g.*, 2.10 carats), must be accurate to the last decimal place. She argues therefore that the permissible range of error was between 2.0955 to 2.1055 carats. In response, defendant contends that this regulation is a mere guide, and also that it does not apply to a cluster of diamonds which are approximated. Plaintiff does not cite to any authority showing how this federal regulation relates to her state law claims. Because plaintiff has pled sufficient facts that defendant made false representations irrespective of the

---

[1] Along with its motion to dismiss, defendant requests judicial notice of screen-shots of its webpages to demonstrate that the "product descriptions" of its jewelry that contain gemstones — including the product description of the specific ring plaintiff purchased — disclose that all gemstone weights are approximates. Defendant argues that judicial notice of all thirteen documents are appropriate pursuant to FRE 201. Defendant also argues that judicial notice of the specific product description page of the ring plaintiff purchased is proper because it is incorporated by reference in the amended complaint. For a court to take judicial notice pursuant to either FRE 201 or the doctrine of incorporation by reference, the authenticity of the documents must not be in dispute. FRE 201; *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, plaintiff has challenged the authenticity of the screen-shots of defendant's webpages on the ground that it is unverifiable whether or not their contents were present at the time plaintiff made her purchase. Accordingly, defendant's requests for judicial notice are **DENIED**.

applicability of this regulation, reliance on this regulation is not necessary at this stage, and this order does not discuss it further.

*Fourth*, defendant asserts that plaintiff has not sufficiently pled scienter. FRCP 9(b) explicitly provides, however, that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Here, plaintiff alleges that a discrepancy of 0.9 carats between what defendant advertised and what she received "presents a strong inference that Defendant was aware of this regular process of misrepresenting diamond weights to consumers." Furthermore, as discussed above, plaintiff has sufficiently pled that defendant misrepresented carat weights intentionally.

Thus, plaintiff has sufficiently pled that defendant intentionally misrepresented the weight of gemstones in its jewelry as part of a practice to mislead consumers. Defendant's motion to dismiss plaintiff's claims sounding in fraud are therefore **DENIED**.[2]

### C. Unfair Competition and False Advertising.

Plaintiff's unfair competition and false advertising claims are derivative of her other state law claims. Defendant has not raised specific challenges to these claims. Rather, defendant generally challenged all of plaintiff's claims sounding in fraud for failure to plead with particularity that defendant misrepresented the weights of gemstones in a false or misleading way. Because this order already addressed those arguments and held that plaintiff has sufficiently pled facts giving rise to plausible claims, these individual claims survive for now. Accordingly, defendant's motion to dismiss these claims is **DENIED**.

### D. California Legal Remedies Act.

Prior to commencing a claim for damages under the CLRA, a plaintiff must provide at least thirty days of notice. Cal. Civ. Code § 1782. The notice must, among other things, "[d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation." There is no notice requirement, however, to file a CLRA suit for an injunction. "Not less than 30 days after the commencement of an action for injunctive relief,

---

[2] This includes plaintiff's negligent misrepresentation claim which defendant challenged on the same basis as plaintiff's fraud claims.

6

and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages." *Ibid.*

Plaintiff's original complaint brought a CLRA claim seeking injunctive relief. She now brings CLRA claims seeking monetary damages in her amended complaint. While thirty days have passed since she filed her original complaint, plaintiff's opposition brief concedes that she failed to demand how defendant should correct its alleged violations of the CLRA, and thus failed to properly comply with CLRA's notice requirement. Accordingly, plaintiff's CLRA claims are **DISMISSED**.

Defendant's argument that plaintiff's CLRA claims should be dismissed with prejudice is contrary to the undersigned's prior orders. *See Deitz v. Comcast Corp.*, No. 06-cv-06352, 2006 WL 3782902, at *5–6 (N.D. Cal. Dec. 21, 2006) (holding that the legislature's goal would be best served by dismissing without prejudice given that the legislature specifically contemplated that an action seeking injunctions can be amended to include a damages claim after the thirty days have run and once a plaintiff has complied with Section 1782(a)). Thus, dismissal of plaintiff's CLRA claims is without prejudice.

### 2. WHETHER PLAINTIFF HAS PLED AN ASCERTAINABLE LOSS.

Defendant argues that all of plaintiff's claims fail because she has not pled an ascertainable loss. Specifically, defendant contends that plaintiff's allegations pertaining to the loss she suffered are speculative because she has not alleged that she paid more for the ring than it was *actually worth*.

Defendant's argument is based on the flawed premise that a consumer cannot suffer a loss unless they can prove that they paid more for a product than it's objective value. Under this false premise, sellers would be free to misrepresent their products and mislead consumers into buying them so long as the price they charge is lower than the product's objective worth. This order disagrees with defendant's narrow construction of what constitutes an ascertainable loss.

Plaintiff has sufficiently pled that she suffered a loss. Indeed, plaintiff pled that the price of jewelry is based in part on the weight of the gemstones it contains, and that defendant

7

overcharged her because it had a practice of overstating the weight of gemstones which led to inflated prices. Plaintiff further alleges that she purchased the ring based on defendant's false representation that the ring contained 2.10 carats of diamonds, and that she would not have bought the ring from defendant's website but for its false representations of gemstone weights. Because plaintiff has alleged she received less than what she bargained for, she has sufficiently pled an ascertainable loss.

### 3. MOTION TO DISMISS FOR LACK OF STANDING UNDER FRCP 12(B)(1).

Defendant contends that every item of jewelry on its website is unique and has a different product description which necessarily lists a different carat weight. As such, defendant argues that plaintiff lacks standing to assert claims on behalf of putative class members who purchased different products from defendant's website than the ring plaintiff purchased.

There is no binding authority which addresses whether this is a question of standing versus a factor to be considered at class certification. *See Gratz v. Bollinger*, 539 U.S. 244, 262 n.15 (2003) (noting there is "tension" between its prior decisions regarding whether differences among class members "is a matter of Article III standing at all or whether it goes to the propriety of class certification," but leaving the tension unresolved). Our court of appeals has not yet spoken on this issue. Accordingly, as the parties have recognized, district courts in this circuit have taken different approaches.

Under the facts alleged in this action, this order holds that the difference among class members is more appropriately addressed at the class certification stage. *See Forcellati v. Hyland's Inc.*, 876 F. Supp. 2d 1155, 1161 (C.D. Cal. June 1, 2012) (Judge George H. King); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 921–22 (N.D. Cal. May 10, 2012) (Judge Ronald M. Whyte); *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992–93 (E.D. Cal. May 4, 2012) (Judge Lawrence K. Karlton). Accordingly, defendant's motion to dismiss plaintiff's class claims pursuant to FRCP 12(b)(1) is **DENIED**.

8

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: June 8, 2018

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE